### W. G. E. FLANDERS *v.* BRIDGET MULLIN.

#### May Term, 1901.

Present: TAFT, C. J., TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

#### Opinion filed September 3, 1901.

*New trial for misconduct of juryman—Observations and comparisons by juryman out of court*—During the trial of an action for the alleged negligence of the defendant therein in respect to the performance of a surgical operation upon clubbed feet, a juryman sitting in the cause made an examination out of court of his own motion of another case of clubbed feet upon which the said defendant had performed a similiar operation, and, as remarks made by him at the time showed, was by such examination prejudiced against the defendant in the cause on trial. Verdict and judgment having been rendered against such defendant he was on petition to the Supreme Court granted a new trial for that he had not had a fair and impartial trial upon the evidence given in court.

PETITION for a new trial brought under V. S. 1662 to the Supreme Court for Rutland County at its May Term, 1901, and heard on testimony taken and filed. See *Mullin* v. *Flanders*, 73 Vt. 95.

*V. A. Bullard* and *P. M. Meldon* for the petitioner.

*Butler & Moloney* and *Joel C. Baker* for the petitionee.

START, J.   The petitioner was defendant and the petitionee plaintiff in an action tried at the March Term, 1900, of the Rutland County Court.   The verdict was for the plaintiff. The cause was passed to this court on exceptions, and final judgment was rendered for the plaintiff at the October Term, 1900.   The verdict and judgment were for damages sustained by the petitionee by reason of alleged negligence and want of skill on the part of the petitioner in the performance of a surgical operation upon the petitionee's clubbed feet, and caring for the same thereafter.   It appears, that, sometime previous to the trial in the County Court, the petitioner had performed a similar operation upon the child of one Nelson Port; and it is found, that, while the cause was on trial, one of the jurors sitting in the cause went to the house of Port, examined the child's feet, and said the child was no better than before the operation and he did not believe the petitioner was capable of performing such an operation, and advised Port to sue the petitioner.   The petitioner's skill as a surgeon was an issue in the cause on trial, and the manner in which he had performed operations for like deformities would naturally be considered by a juror as material to this issue.   The juror, in examining a deformity similar to the one in question that had been operated upon by the petitioner, was receiving evidence and making comparisons and observations out of court that were doubtless considered by him material to an issue that could lawfully be tried only upon evidence given in court; and the remarks made by him, at the time he examined the child, show that he was prejudiced against the petitioner by the comparisons and observations then made.   It is, therefore, considered that the petitioner did not have a fair and impartial trial upon the evidence given in court, and, for this reason, the verdict is set aside and a new trial granted.

*Judgment vacated, verdict set aside, new trial granted, and cause remanded to the County Court.*